**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**CIVIL NO:**

| | | |
|---|---|---|
| MARY ELLEN WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NORTHLAND GROUP, INC.. | ) | **COMPLAINT** |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

1.      This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.      Defendant conducts business in the State of Minnesota, personal jurisdiction is established.

4.      Venue in the United States District Court is proper under 28 U.S.C. § 1391(b)(1).

5.      Declaratory relief is available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

## PARTIES

6.      Plaintiff is a natural person residing in New Martinsville, West Virginia.

7.      Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

8.      Defendant is a national collection agency with its principal place of business in Edina, Minnesota.

9.      Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10.      At all times relevant to this Complaint, Defendant has acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers in the District of Minnesota.

## FACTUAL ALLEGATIONS

11.      Defendant places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12.      Defendant called Plaintiff and hung up before Plaintiff or voicemail answered.

13.      Defendant failed to meaningfully disclose its identity.

14.      Defendant failed to identify itself as a debt collector.

## COUNT ONE:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

15.      Defendant's violations of the FDCPA include, but are not limited to, the following:

  a.   Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant calls Plaintiff and hangs up without leaving a voicemail message.

  b.   Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by calling Plaintiff and hanging up without leaving a voicemail message.

    c.   Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to meaningfully disclose its identity.

    d.   Defendant violated *§1692e(10)* of the FDCPA by failing to disclose in subsequent communications that the call is from a debt collector.

    d.   Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the call is from a debt collector because Defendant calls Plaintiff and hangs up without leaving a voicemail message.

16.    As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress.

17.    Plaintiff is entitled to her attorney's fees and costs incurred in this action.

18.    This case presents an actual and justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for the following:

    a.  Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*;

    b.  Actual damages;

    c.  Statutory damages pursuant to 15 U.S.C. § 1692k;

    d.  Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

    e.  Awarding such other and further relief as may be just, proper and equitable.

RESPECTFULLY SUBMITTED,

Dated:  September 8, 2009

By: /s/ Lee Cassie Yates
    Lee Cassie Yates
    Krohn & Moss, Ltd
    120 W Madison St, 10th Floor
    Chicago, IL 60602
    Phone:  (312) 578-9428 ext. 257
    Fax:     (866) 431-5576
    Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend.

7.  Fed.R.Civ.Pro. 38.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WEST VIRGINIA

Plaintiff, MARY ELLEN WHITE, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

DATE: 8-25-09

MARY ELLEN WHITE

-5-